UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RYANT TRIMALE PRATT, | Case No. 21-cv-01907-VC (PR) |
|---|---|
| Petitioner, | **ORDER OF DISMISSAL WITH PREJUDICE** |
| v. | Re: Dkt. No. 5 |
| CDCR; BOARD OF PAROLE HEARINGS, | |
| Respondents. | |

Petitioner Ryant Trimale Pratt files a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the decision of the California Department of Corrections and Rehabilitation and the Board of Parole Hearings ("Board") not to grant him parole. Pratt also moves for leave to proceed in forma pauperis, which is granted. For the following reasons, the petition is dismissed with prejudice.

The petition alleges the following: Pratt was convicted of first-degree murder in 1997 in Los Angeles County and was sentenced to 90 years to life with the possibility of parole. He has been in custody since his arrest in 1994.

Pratt includes a printout of Proposition 7, which was passed by California voters in 1978. ECF No. 1 at 10; *See also UC Hastings Scholarship Repository,* https://repository.uchastings.edu//cgi/viewcontent.cgi?article=1843&context=ca_ballot_props (last visited April 29, 2021). Among other things, this measure expanded the categories of first-degree murder for which penalties of death or confinement without the possibility of parole could be imposed. *Id.* Pratt highlights the following sentence: "The measure provides that individuals convicted of first-degree murder and sentenced to life imprisonment shall serve a

minimum of 25 years . . . before they can be eligible for parole." ECF No. 1 at 10.[1] From this, Pratt concludes that he is over the mandatory 25 years "maximum" time to be served "given" by the California Constitution's Article I § 17, which prohibits cruel and unusual punishment. ECF No. 1 at 2.

Pratt attaches a letter from the Board informing him that he has an elderly parole eligibility date in October 2032, and he is scheduled for a consultation hearing in October 2027. ECF No. 1 at 25. Pratt also attaches the California Supreme Court's February 10, 2021 denial without prejudice of his habeas petition, which reads, "The petition for writ of habeas corpus is denied without prejudice to any relief which petitioner may be entitled after this court decides *In re Mohammad*, S259999." ECF No. 1 at 9.[2] Pratt also attaches a printout of California cases addressing Article I, § 17 of the California Constitution, California Penal Code § 3041 (addressing minimum eligible release date) and the duty of the Board. ECF No. 1 at 13-24.

Pratt's claims are as follows: (1) the respondents, by not granting him parole, have violated the Eighth Amendment of the United States Constitution and Article I, § 17 of the California Constitution which prohibit sentences that are cruel and unusual in that Pratt, by being "forced" to serve more than 25 years, is serving a sentence that is "grossly disproportionate" to his offense; (2) the California Supreme Court violated the Eighth Amendment and Article I, § 17

---

[1] The relevant portions of Proposition 7 were codified in California Penal Code sections 190 (a) and (e). Subsection (a) states: "Every person guilty of murder in the first degree shall be punished by death, imprisonment in the state prison for life without the possibility of parole, or imprisonment in the state prison for a term of 25 years to life." Subsection (e) states, in relevant part: "A person sentenced pursuant to this section shall not be released on parole prior to serving the minimum term of confinement prescribed by this section."

[2] The Supreme Court granted review of *In re Mohammad*, 42 Cal. App. 5th 719 (2019), which addressed Proposition 57, approved by California voters in 2016, and which added section 32(a) to Article I of the California Constitution. *Id.* at 723. Section 32(a) states: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense. . . . [T]he full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence or alternative sentence." *Id.* The Court of Appeal specifically addressed the Department of Corrections' implementing regulations which defined "nonviolent offender." *Id.* at 724-25.

2

of the California Constitution by denying his petition; and (3) the California Supreme Court violated Pratt's Fourteenth Amendment right to equal protection by denying his petition. He requests immediate parole release.

Even though Pratt cites violations of the federal Constitution, his claims are based on California Penal Code sections and California cases interpreting the penal code, parole and sentencing. Federal courts may entertain habeas petitions from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); s*ee Swarthout v. Cooke*, 562 U.S 216, 219 (2011) (federal habeas corpus relief does not lie for errors of state law); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (same). Because Pratt's claims rest on interpretations of state law, he does not present a cognizable federal habeas claim.

Even if the court were to address California Penal Code sections 190 (a) and (e), Pratt's claims fail. The plain language of the statute says a person convicted of murder shall not be released on parole prior to serving the minimum term of confinement. "Shall not be released prior to serving . . ." does not mean, as Pratt argues, that a person must be released on parole on the day he serves his minimum term.

And even if the court were to address Pratt's Eighth Amendment claim, it fails. Pratt's sentence falls within the proportionality principles established by the Supreme Court in *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (two consecutive terms of 25 years to life not cruel and unusual punishment), *Ewing v. California*, 538 U.S. 11 (2003) (sentence of 25 years to life for third strike of felony grand theft not cruel and unusual punishment), and *Harmelin v. Michigan*, 501 U.S. 957, 1009 (1991) (life in prison without possibility of parole for possession of more than 650 grams of cocaine not cruel and unusual). That Pratt is serving more than 25 years for first degree felony murder is not cruel and unusual under United States Supreme Court authority.

Pratt's equal protection claim against the California Supreme Court is not cognizable. *See Alford v. Rolfs*, 867 F.2d 1216, 1219 (9th Cir. 1989) (Equal Protection Clause does not assure uniformity of judicial decisions or immunity from judicial error; otherwise, every alleged

misapplication of state law would constitute a federal constitutional question); *Beck v. Washington*, 369 U.S. 541, 554-55 (1962) (same).

If Pratt had requested relief in the form of an earlier parole hearing, he may have had a cognizable due process claim. But this claim would have needed to be brought in a civil rights complaint because it would not necessarily mean earlier release from prison. *See Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (civil rights action under 42 U.S.C. § 1983 is the exclusive remedy for claims by state prisoners that do not necessarily result in speedier release); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (where an inmate challenges constitutional validity of state procedures used to deny parole eligibility or parole suitability and seeks injunctive relief in the form of an earlier eligibility review or parole hearing, the claim is cognizable under 42 U.S.C. § 1983).

## CONCLUSION

For the foregoing reasons, this petition is dismissed with prejudice because amendment would be futile. The clerk of the court shall enclose with this order a blank civil rights complaint form. The clerk shall enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 30, 2021

VINCE CHHABRIA
United States District Judge